UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:04-CR-48 |
| | ) | |
| JAMES I. RIDLEY | ) | |

**OPINION**

This matter is before the Court on the Defendant's Motion for Revocation or Amendment of Order [DE 65 ], filed on March 4, 2005. The Defendant requests that the orders detaining him pending sentencing be revoked or amended.[1] He submits that he would use the release time to make custodial, financial, and educational arrangements for his children, that he has strong family ties to Allen County, and that the use of an ankle bracelet would reasonably assure his presence at sentencing and the safety of the community.

For the reasons state herein, the Motion is denied.

**DISCUSSION**

18 U.S.C. § 3143 governs the custodial status of a defendant awaiting imposition or execution of sentence. Subsection (a)(1) creates a presumption for detention that can be overcome with "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). However, if the defendant was convicted of a crime of violence, subsection (a)(2) applies. *See* 18 U.S.C. §

---

[1] The Defendant's introduction to his Motion actually refers to his detention pending trial, but the Defendant submits later in the Motion that he has accepted a plea agreement in this case. In the other case in which he seeks revocation, Cause Number 1:04-CR-49-WL, he acknowledges that a jury found him guilty on November 18, 2004, and he is scheduled to be sentenced on April 15, 2005. Thus, his motion seeks to revoke or amend the detention orders in these cases pending sentencing, not trial.

3143(a)(2); 18 U.S.C. § 3142(f)(1)(A). Under this subsection, the defendant "shall be detained" unless (1) the court finds that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" *or* the government "has recommended that no sentence of imprisonment be imposed;" *and* (2) the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger." 18 U.S.C. § 3143(a)(2)(A)–(B).

The Defendant has been adjudged guilty of armed bank robbery, a crime of violence. There is no motion for acquittal or new trial and the government has not recommended a sentence involving no imprisonment. Because one of these factors must be met, in addition to a finding regarding likelihood of flight or danger to community, under § 3143(a)(2), the Defendant must be detained.

However, a person subject to detention under § 3143(a)(2) may nevertheless be released if (1) he meets the conditions set forth in § 3143(a)(1) by showing with clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see also United States v. Herrera-Soto*, 961 F.2d 645, 646 (7th Cir. 1992) (the Bail Reform Act includes an exception to mandatory detention for those persons who first meet the conditions for release required by any convicted person and then show that there are exceptional reasons why such person's detention would not be appropriate.); *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 776 (E.D. Wis. 2003) (discussing release under § 3145(c)).

Even if the Defendant could establish by clear and convincing evidence that he is not a flight risk and does not pose a danger to the community, he has not presented exceptional reasons why his

detention would not be appropriate.[2] The Bail Reform Act does not define "exceptional reasons" and the legislative history provides little assistance. *Kaquatosh*, 252 F. Supp. 2d at 777 (citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). Courts fleshing out the definition have found it to mean "unique," "uncommon," "rare," or "out of the ordinary." *Id.* Courts agree that what constitutes exceptional reasons must be determined on a case-by-case basis. *Id.*; *see also Herrera-Soto*, 961 F.2d at 647.

The district court in *Kaquatosh* collected cases demonstrating that "purely personal" circumstances are often rejected as a basis for release under § 3145(c) because family and employer hardships are a typical consequence of incarceration. *Id.* Rather, "Courts granting release have often relied upon a combination of personal factors (e.g., employment, ties to the community, performance on pre-trial release, medical conditions) and legal factors (e.g., the potential length of the sentence and the possibility of a downward departure at sentencing)." *Id.* at 778. Despite these observations of other courts' findings, the court in *Kaquatosh* found that such a combination of factors was not necessary to justify a defendant's release pending sentencing. *Id.* ("The statute requires only that the court find that the defendant's situation is sufficiently unique to make detention pending sentencing inappropriate. A court may make such finding based on 'legal' reasons, 'factual' reasons, or some combination of both.").

In this case, the Court finds that the Defendant has not presented "a unique combination of circumstances giving rise to situations that are out of the ordinary." *Herrera-Soto*, 961 F.2d at 647

---

[2] The Court does not suggest that the Defendant has overcome the presumption for detention with clear and convincing evidence that he does not pose a threat of flight or a danger to the community. In the Defendant's other cause, 1:04-CR-49-WL, in which a jury found the defendant guilty of armed bank robbery and using a firearm during a crime of violence, Judge William Lee held a hearing on the Defendant's Motion for Revocation or Amendment of Order filed in that case and denied the motion on March 10, 2005.

(finding this definition of exceptional reasons "instructive"). The Defendant points to his family ties and the need to make arrangements for his children in support of his argument against detention. The Court does not find that these personal factors are exceptional reasons supporting the Defendant's release.

## CONCLUSION

For all the foregoing reasons, the Defendant's Motion for Revocation or Amendment [DE 65] is **DENIED**.

**SO ORDERED** on April 13, 2005.

                         s/ Theresa L. Springmann
                         THERESA L. SPRINGMANN
                         UNITED STATES DISTRICT COURT